Good morning, Your Honors. Frank Sparrow is appearing for Respondent. Petitioner, forgive me. At the outset, the government has characterized my argument as purely emotional, that this Court is constrained by the law to reach what I think everyone agrees is a deeply unhappy result. But I believe the analysis is more complicated. And I would like to address the arguments I made in the reply brief, i.e., the modified categorical approach, which I think is applicable here. And let me explain why. Clearly, the counterpoint to the statute at hand, which is colloquially referred to as statutory rape, Penal Code 261.5c, is found at 18 U.S.C. 2243. Under that statute, the victim must be between the ages of 12 and 16, and the defendant must be 4 years older. In California, the victim merely needs to be under 18. And so, therefore, clearly, the conduct criminalized under the California Code is considerably broader than the conduct that is criminalized under the Federal Code. At that point, modified categorical analysis comes into play. Indeed, in the two unpublished cases cited by the government, which both dealt with this exact California statute, the government, the Court employed the modified categorical approach. They looked at the complaint and found that the victim in both of those cases were between the ages of 12 and 16. Consequently, they found that the government had met their burden. That's not the case here. The complaint is found on page 56 of the record, and it does not reference the age of the victim. It simply recites the statute. Under that analysis, clearly, the victim could be 364 days – 17 years and 364 days old, and the – and merely has to be 3 years younger than the defendant. The government doesn't have sufficient competent conviction documents to prove that this crime would be sexual abuse of a minor under the Federal definition. So that would be argument number one. The government didn't respond to my response brief, so I'm not sure how they feel about that, but I think that clearly is the analysis that was employed in the unpublished cases. Now, there is, I recognize, a subsequent case, Alvarez-Gutierrez, that arose after we all submitted our briefs. But that was a very different case. That was an Arizona statute in which it was found – I am assuming there was evidence in the record that the victim was 14. So it's a very different statute. So I – you know, my argument will be focusing on the modified categorical. There was a number of continuances requested by the government. My initial argument was that a misdemeanor cannot be an aggravated felony. The precision of our English language prevents that, but clearly, there's been subsequent case law that's knocked that out of the water. So I obviously more or less withdraw that argument, and I would focus on the modified categorical. Now, there's one other minor point I would like to make, and I recognize that I didn't make this in the briefs. But one will search the record in vain for any – the complaint that I referenced was in a brief that I wrote to the Court. The government, in this case, never submitted a conviction document. Never submitted. Say that again. An actual conviction document that was formally submitted by the people, that was accepted by the Court, and then I would either challenge its sufficiency or not. One will search the record in vain. It never happened. It's a glitch. It's highly technical. However, that's what's needed to remove ability. And I'd like to reserve my few extra moments. Okay. We'll hear from the government at this time. May it please the Court. My name is Anthony Norwood, and I'm here representing the government today. Your Honors, the issue in this case is whether unlawful sexual intercourse with a minor more than three years younger than the perpetrator is sexual abuse of a minor. If so, the Court is without jurisdiction over this petition for review. This Court has held that the terms of INA Section 10143A are not ambiguous. We look to the ordinary, contemporary, and common meanings of the phrase sexual abuse of a minor. Broadly encompasses – this Court has held that broadly encompasses the use of young children for the gratification of sexual desires. Could the California statute reach consensual sex between a 20-year-old and a 17-year-old? Yes, Your Honor. Entirely consensual sex, a college sophomore and a college freshman who are dating and young adults and healthy, and they decide in a fully voluntary way to engage in sexual intercourse, the statute reaches that. The statute would reach that if we do our math correctly and there's a three-year difference. The statute would say that the consent of the victim is not at issue. A minor cannot consent to statutory rape. That's a common law, and that's California law. So the consent of the victim is not at issue. It's common law but not common sense. I think – I think Congress and the courts of California would say that it is common sense, Your Honor, that it's an old law that young children are not able to consent to sexual intercourse. Pretty harsh result in this case, isn't it? It seems to be a pretty harsh result, Your Honor. But this Court has held that Luden and Laschewa's acts are aggravated. Come on. The couple are now common law married. They have two children, and the woman has said in contradiction to the allegation she made leading to the misdemeanor conviction that it was entirely consensual all along. She's – they've had two children together, and she's – she fears being separated from him and the children from their father. That's – that is in an affidavit from the victim, Your Honor, but you have to understand that the State of California sought to prosecute this perpetrator. It's not a Federal crime. It's a State crime. The complaint was filed – was made out three years after the end of the allegation. And when he started dating someone else, she got mad and reported him. Well, that's – that's her affidavit, Your Honor, that was submitted after the immigration judge made his finding. The immigration judge didn't have that. It's – it's – if you're going to look at a categorical or a modified categorical approach, if you look at a modified categorical approach, you're going to see that these – that the perpetrator was 20 and the victim was 14 or 15. What do we make of the unusual footnote that the BIA added to its denial? I think there's very little we can make of that unusual footnote, Your Honor. I understand the court's concern, and we do understand the court's concern, and I think it's pretty obvious that was the BIA's concern. But it's – it's – the law is clear here. This Court has said it's unambiguous. We use the common meanings of these terms, and the Court has stretched this to a simple touching that it could be a – What do we make of the fact that the crime was reduced to a misdemeanor? Your Honor, this Court has held that you don't – you don't look at the fact that it was reduced to a misdemeanor. He did plead to a – to a felony, but the – but the Court has held that in Robles Rodriguez and in Alvarez Gutierrez that Mr. Sprules just mentioned, you don't look to – to what the – how the State defines the statute. You look to the common sense meaning of the statute, the sexual abuse of a minor of the INA, and you apply the common sense, common usage of that – of that term. Misdemeanors have fit into aggravated felonies all across the country. What documents do we look at if we analyze this in a modified categorical fashion? In a modified categorical fashion, you look at the conviction documents. Mr. Sprules is also right that they were not before the immigration judge, but they are in the record. They were submitted. Submit the government would and could submit them again. It's the – it's the complaint, and there's a document setting forth his plea agreement, a computer printout document setting forth his plea agreement. Do any of the documents of record indicate the age of the people involved? None of the conviction documents set forth the age of the – of the participants. The – his passport is in the record, and her naturalization document is in the record. So we have in this record, we have her age, and that's what I've made my calculations on, but it's not in the conviction document. Does Mr. Rivera have any other criminal history? I – we do not know that from – from this record. There's nothing on the record. There's nothing on the record. Nothing on the record of another – of another criminal conviction. Is he any kind of terrorist or anything like that? We – we have nothing on the record that – of any kind of terrorist or – or any other conviction. We had a exchange meeting here at the courthouse on March 22nd with a member of the BIA, all of the active judges of the Ninth Circuit, because of the increasing caseload of immigration cases, with a member of the BIA and Judge Creppy, the chief immigration judge, and engaged in a discussion, and the BIA member that was there and Judge Creppy said, we would be happy to consent to mediation in those cases where you – the Court may feel that although the result may be technically proper, the result is absolutely harsh. Is this one of those cases? Your Honor, I – I don't see how this is – this is one of those cases that – that the Court can or should send a mediation because what we're doing here is – what the Court is doing here is determining whether this is an aggravated felony. If this is an aggravated felony, which – which the law says it is, this Court is without jurisdiction. What we are doing here, though, is only determining whether the Court has jurisdiction, whether the order of removal is proper. Whether the – whether the government actually effectuates a removal is not before the Court. Whether the petitioner is actually picked up and removed is – is not before me or before this Court. That's a – the petitioner can ask the government to – to take other steps, but what's before this Court is the question of law, whether this is an aggravated felony. Well, we can look at the fact, counsel, that the proper documents were not before the IJ to decide that this was an aggregated felony. That's correct, Your Honor. But the proper documents are in the record. They were – they were admitted. I mean, the concession was made before the IJ, and now the proper documents are there, and we have to – we have to look at them. Well, rather than sending it to mediation, you're suggesting that we reverse because the IJ didn't have the proper documents before, and then we go back and start the whole circle over. In the meantime, we're perhaps eventually going to be leaving two children fatherless, a mother on welfare. It's a wonderful – wonderful thing that our – that you're asking us to do. I'm not suggesting that the Court reverse, Your Honor. I'm suggesting that based on the record here, the Court has to agree that it's an aggravated felony and – and find that the Court doesn't have jurisdiction over this case. Well, we do have jurisdiction if it hasn't been found to be an aggravated felony correctly. That's – that's correct, Your Honor. Yes. And that's the issue before the Court. That's right. And we do have jurisdiction. And the IJ didn't have before it what it needed. He had – he had a concession before himself, Your Honor. He had a conversation, and he added a concession. He had admission from Petitioner's counsel and from Petitioner of the conviction. I think we understand your argument. Thank you. Do you have any rebuttal, Mr. Schmitz? Very briefly, Your Honor. Just to make the record clear, we conceded nothing. We denied the aggravated felony allegation. We moved to terminate. So the record does not say that we conceded that this is an aggravated felony. Again, I think the matter can be reached on the law. This is clearly a regulatory offense. California, a minor is 18. New York, 16. Federal, 16. In order to have uniformity, the Federal definition should prevail. If that's the case, the modified categorical approach is proper, and the government simply doesn't have the conviction document. The conviction documents that were not submitted – I submitted them as an exhibit as part of my motion to terminate – do not reference the age of the victim at all. If you check the record, conviction complaint on page 65, conviction documents are on 66 to 67, no reference to the age of the victim. I submit this matter can be adjudicated without turning to the incredible equity involved. The law is on our side, and so is morality. Thank you. Okay. The case just argued will be submitted for decision. We'll proceed to the next case on the calendar, which is Garrett.
judges: Lay , B. Fletcher, Hawkins